# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ZACKARY ALAN COOLEY, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:19CV00589 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| HEALTH AUTHORITY YATES, ET AL., | ) By: James P. Jones |
| | ) United States District Judge |
| | ) |
| Defendants. | ) |

*Zackary Alan Cooley, Pro Se Plaintiff.*

Zachary Alan Cooley, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he slipped on ice and was injured. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Cooley is incarcerated at Pocahontas Correctional Center ("PCC"). He alleges that on the morning of November 27, 2018, as he was walking between buildings at PCC and "approached Gate 2 [he] slipped on a patch of ice and fell face first into the Gate. There were no caution signs and no ice melt on the sidewalks." Compl. Attach. B, ECF No. 1. Within ten minutes, prison staff came to help Cooley. He was taken to a hospital and underwent an X ray. He alleges that since this incident, he has "had trouble with [his] neck as well as psychological and emotional

distress. [He] suffer[s] from a long history of mental illness and this has caused it to be harder on [him]." *Id.*

Cooley filed this § 1983 lawsuit in August of 2019. He names as defendants Health Authority, Yates; Assistant Warden, R. Waltz; QMHP, Murphy; and Major Bishop. Compl. Attach. A, ECF No. 1. He does not state what relief he seeks in this case.

Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief could be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977);[1] *Swint v. City of Wadley*, 51

---

[1] I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

F.3d 988, 999 (11th Cir. 1995) (explaining that 42 U.S.C. § 1983 "require[s] proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation"). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

Cooley's Complaint lists the defendants, but it does not describe any action or omission committed by any of them in violation of his rights. Thus, he has not demonstrated the necessary personal action and causation required for a § 1983 claim against any of them. Moreover, while I sympathize with Cooley's pain and suffering, the event that allegedly caused his distress simply was not a violation of his constitutional rights.

The Eighth Amendment prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). In other words, an

official's merely negligent action or inaction is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

Cooley's allegations, at the most, suggest that PCC staff members were negligent in failing to post warning signs about the ice or to clear it. Such mere negligence cannot support a claim of unconstitutional punishment so as to be actionable under § 1983.[2]

For the reasons stated, I will summarily dismiss this action, pursuant to § 1915A(b)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED: October 16, 2019

/s/ *James P. Jones*
United States District Judge

---

[2] Courts have regularly held that slip and fall accidents do not give rise to federal causes of action under § 1983, since they implicate, at most, official negligence. *Rümmer v. North Dakota*, No. 1:12-CV-020, 2012 WL 6044713, at *5 (D.N.D. Mar. 27, 2012), *R&R adopted*, 2012 WL 6044720 (D.N.D. Dec. 5, 2012) (citing other cases); *see also Hankins v. Beard*, No. 07-332 Erie, 2009 WL 5821032, at *10 (W.D. Pa. Nov. 30, 2009) (dismissing claim that inmate fell on ice because "a slip and fall, without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.").